**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| M.P., a minor, by and through her father and natural guardian, Jarrod Parker,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA; BELLSOUTH TELECOMMUNICATIONS, LLC, d/b/a AT&T; and CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM,<br><br>Defendants | Civil Action No.:  3:26-cv-01788-CMC<br><br><br>**COMPLAINT** |

COMES NOW Plaintiff M.P., a minor, by and through her father and natural guardian, Jarrod Parker (hereinafter "Plaintiff"), and files this Original Complaint against the United States of America; BellSouth Telecommunications, LLC, d/b/a AT&T; and Charter Communications, Inc., d/b/a Spectrum, and, in support of her causes of action, respectfully shows the Court the following:

**<u>JURISDICTION, PARTIES AND VENUE</u>**

1.      This is a personal injury case brought under the Federal Tort Claims Act against the United States of America for severe and permanent injuries arising out of negligent acts or omissions of employees, agents, apparent agents, servants, or representatives of the United States while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff under the laws of the State of South Carolina where the acts and/or omissions occurred. This Court has original subject matter jurisdiction over the claim against the United States pursuant to 28 U.S.C. § 1346(b). This Court has supplemental jurisdiction

over the state-law claims against Defendants BellSouth Telecommunications, LLC, d/b/a AT&T, and Charter Communications, Inc., d/b/a Spectrum, pursuant to 28 U.S.C. § 1367, as those claims arise out of the same case or controversy as the federal claim against the United States.

2.    At all times relevant to these matters, the employees, agents, apparent agents, servants or representatives of the United States were subject to the United States' right to control, including substantial supervision and direction over their day-to-day activities.

3.    The Plaintiff, M.P., is a twelve-year-old minor child residing in Richland County, South Carolina, appearing in this action by and through her father and natural guardian, Jarrod Parker.

4.    At all times relevant to this Complaint, the Defendant, the United States of America, owned, operated, and controlled the federal installation known as Fort Jackson, a United States Army installation located in Richland County, South Carolina, through its agency, the United States Department of the Army.

5.    The United States of America is a Defendant.

6.    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Bryan P. Stirling, United States Attorney for the District of South Carolina, 1441 Main Street, Suite 500, Columbia, South Carolina; and by serving a copy of the Summons and Complaint on the Attorney General of the United States of America, by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Avenue, Room 341, Washington D.C. 20530, to the attention of the Civil Division.

7.    At all times relevant to this Complaint, the Defendant, BellSouth Telecommunications, LLC, d/b/a AT&T (hereinafter "Defendant BellSouth"), is a Georgia limited

liability company engaged in the business of providing telecommunications services within the State of South Carolina, including the installation, maintenance, and repair of telecommunications cable and lines at or near the Fort Jackson military installation in Richland County, South Carolina.

8.      At all times relevant to this Complaint, the Defendant, Charter Communications, Inc., d/b/a Spectrum (hereinafter "Defendant Charter"), is a Delaware corporation engaged in the business of providing telecommunications services within the State of South Carolina, including the installation, maintenance, and repair of telecommunications cable and lines at or near the Fort Jackson military installation in Richland County, South Carolina.

9.      Venue is proper in the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred in Richland County within this District and because Plaintiff resides in Richland County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### LIABILITY OF THE UNITED STATES OF AMERICA

10.      This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts or omissions of the employees of the United States at Fort Jackson, Columbia, South Carolina, while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of South Carolina.

11.     The United States Department of the Army is an agency of the United States of America. The United States of America, Defendant, through its agency, the United States Department of the Army, at all times material hereto, owned, operated, and controlled the Fort Jackson military installation, including the sidewalks, roadways, and public areas thereon, and staffed the installation with agents, servants, and/or employees.

## JURISDICTIONAL PREREQUISITES

12.     On February 27, 2025, Plaintiff submitted an Administrative Claim on Standard Form 95 to the Fort Jackson Claims Office, United States Army Training Center and Fort Jackson. The claim was acknowledged by the agency on February 27, 2025, and assigned Claim No. 25-291-T016. More than six months have elapsed since the filing of the administrative claim and the agency has failed to make a final disposition of the claim. See 28 U.S.C. § 2675(a). Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## BACKGROUND FACTS

13.     This is a personal injury case in which Plaintiff, M.P., a twelve-year-old minor child, suffered a five-inch laceration to her right thigh requiring sutures, an avulsion fracture to her right femur, and subsequent infection due to the negligent acts and omissions of the Defendants in allowing a piece of telecommunications cable to remain across a public sidewalk on the Fort Jackson military installation.

14.     On April 19, 2024, Plaintiff M.P. was riding her bicycle on the sidewalk at or near the intersection of Hill Street and Lee Street on the Fort Jackson military installation in Columbia, Richland County, South Carolina.

15. At all times relevant hereto, Defendant United States, through the Department of the Army, owned, operated, and controlled Fort Jackson, including the sidewalks, roadways, and public areas thereon, and owed a duty to maintain the premises in a reasonably safe condition for persons lawfully present on the installation, including Plaintiff.

16. At or around the same time, Defendants BellSouth and Charter, individually, jointly, or through their agents, servants, or employees, were engaged in the repair, maintenance, or installation of telecommunications cable along or near the sidewalk at the above-referenced location. A piece of telecommunications cable was left laying across the sidewalk, where it created a hazardous and dangerous condition for pedestrians and cyclists using the sidewalk.

17. The tire of Plaintiff's bicycle slid on the telecommunications cable, causing Plaintiff to crash and fall from her bicycle. Upon impact, a piece of the bicycle penetrated Plaintiff's right thigh, causing a large, deep laceration and serious bodily injuries.

18. As a result of the crash, Plaintiff suffered a five-inch laceration to her right thigh requiring sutures, an avulsion fracture to her right femur, and subsequent infection requiring additional medical treatment, among other injuries.

## CLAIM FOR NEGLIGENCE OF DEFENDANT UNITED STATES

19. The Defendant, the United States of America, by and through its agents, apparent agents, employees, servants, and representatives undertook the duty to maintain the Fort Jackson military installation, including the sidewalks and public areas thereon, in a reasonably safe condition for persons lawfully present on the installation, with the level of care, skill, and attention that is recognized as acceptable and appropriate by reasonable and prudent property owners and operators.

20.     Notwithstanding these duties undertaken by the Defendant, the Defendant breached the duties to Plaintiff by engaging in at least the following acts or omissions which deviated from and fell below the accepted standards of care:

a.     by failing to maintain the sidewalks and public areas on Fort Jackson in a reasonably safe condition;

b.     by failing to inspect the sidewalks and work areas for hazardous conditions created by telecommunications contractors;

c.     by failing to discover the telecommunications cable laying across the sidewalk;

d.     by failing to remove, repair, or remedy the dangerous condition on the sidewalk;

e.     by failing to warn pedestrians and cyclists of the hazardous condition on the sidewalk;

f.     by failing to require telecommunications contractors to properly secure their work areas and equipment;

g.     by failing to supervise or oversee the work of telecommunications contractors operating on the Fort Jackson installation;

h.     by knowing or having reason to know that the telecommunications cable on the sidewalk posed a danger to pedestrians and cyclists, yet failing to take any corrective action; and

i.     in such other ways as the evidence may show.

21.     Had the employees and agents of the United States acted in accordance with the standard of care, the injuries to Plaintiff would have been avoided.

## CLAIM FOR NEGLIGENCE OF DEFENDANTS BELLSOUTH AND CHARTER

22.     At all times relevant hereto, Defendants BellSouth and Charter owed a duty of care to the Plaintiff, a foreseeable pedestrian and cyclist user of the sidewalk where Defendants' work was performed, and to other foreseeable members of the public, to exercise reasonable care in the installation, maintenance, repair, and management of their telecommunications cable and equipment so as not to create a dangerous or hazardous condition.

23.     Defendants BellSouth and Charter breached their duties of care to Plaintiff by engaging in at least the following acts or omissions, which were careless, negligent, grossly negligent, willful, wanton, and reckless:

      a.     by allowing telecommunications cable to lay across a public sidewalk, creating a dangerous and hazardous condition;

      b.     by failing to place adequate signs, warnings, barriers, or cones to alert pedestrians and cyclists of the hazardous condition;

      c.     by failing to properly secure telecommunications cable so as to prevent it from creating a hazard on the sidewalk;

      d.     by failing to inspect the work area to ensure the sidewalk was clear and safe for pedestrian and cyclist use;

      e.     by failing to properly supervise the installation, maintenance, or repair of telecommunications cable;

      f.     by knowing or having reason to know that the telecommunications cable on the sidewalk posed a danger to pedestrians and cyclists, yet failing to correct the condition;

g.    by failing to use the degree of care which is reasonable and prudent and that a reasonable and prudent person would have used under the same or similar circumstances; and

h.    in such other ways as the evidence may show.

24.    As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, and reckless acts or omissions of Defendants BellSouth and Charter, Plaintiff suffered the injuries and damages set forth herein.

## **DAMAGES**

25.    As a direct and proximate result of the Defendants' acts and/or omissions as set forth above, Plaintiff, M.P., sustained severe and painful injuries with significant physical pain and suffering, emotional distress, and loss of enjoyment of life. Additionally, the careless, negligent, grossly negligent, willful, wanton, and reckless conduct of Defendants BellSouth and Charter entitles Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this case proceed to trial, and that Plaintiff receive a judgment against the Defendants for actual damages in such amount as the evidence may show is sufficient to compensate her for her injuries and damages; a judgment against Defendants BellSouth and Charter for punitive damages in such amount as a jury may determine sufficient to punish and deter their willful, wanton, and reckless conduct; post-judgment interest; costs; and all other and further relief to which Plaintiff may be entitled. Plaintiff demands a trial by jury as to all claims against Defendants BellSouth and Charter.

[*signature page to follow*]

/s/ Marshall D. Walls II
Marshall D. Walls II (Bar No.14692)
THE JEFFCOAT FIRM
1333 Main Street, Suite 510
Columbia, SC 29201
Phone: (803) 200-2000
Facsimile: (803) 679-5253
marshall.walls@thejeffcoatfirm.com

ATTORNEYS FOR THE PLAINTIFF

April 29, 2026